# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MAGGIE VELEZ GARCIA,**

    **Plaintiff,**

**-vs-**                                                                                    **Case No. 6:12-cv-452-Orl-DAB**

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

_____

## MEMORANDUM OPINION AND ORDER

This cause came on for consideration without oral argument on review of the Commissioner's administrative decision to deny Plaintiff's application for Disability Insurance benefits under the Social Security Act. For the reasons set forth herein, the decision of the Commissioner is **AFFIRMED.**

## Procedural History

Plaintiff applied for a period of disability and disability insurance benefits, alleging that she became unable to work on January 9, 2009 (R. 117-120, 27, 137). The agency denied Plaintiff's application initially and upon reconsideration, and she requested and received a hearing before an administrative law judge ("the ALJ"). The ALJ issued an unfavorable decision, finding Plaintiff to be not disabled (R. 11-33). The Appeals Council declined to grant review (R. 1-6), making the ALJ's decision the final decision of the Commissioner.

Plaintiff timely filed her complaint in this action, and the parties have consented to the jurisdiction of the undersigned United States Magistrate Judge. The matter has been fully briefed and the case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## **Nature of Claimed Disability**

Plaintiff claims disability from her alleged onset to her date last insured, December 31, 2009, due to deep venous thrombosis ("DVT"), migraine headaches, depression, heart problems, Reynaud's syndrome, Temporalmandibular Joint disorder, problems with her liver, hepatitis, gastroesophageal reflux disease, hypertension, irritable bowel syndrome , restless leg syndrome and fibromyalgia (R. 37, 43-55, 142, 195, 216, 230).

*Summary of Evidence Before the ALJ*

Plaintiff was fifty-three years of age at the time of the alleged onset date (R. 117), with three years of college (R. 38, 143) and past relevant work experience as an office clerk, retail sales clerk, and teacher's aide (R. 144).

The medical evidence relating to the pertinent time period is well detailed in the ALJ's opinion and in the interest of privacy and brevity will not be repeated here, except as necessary to address Plaintiff's objections.[1] In addition to the medical records of the treating providers, the record includes Plaintiff's testimony and that of a Vocational Expert, written forms and reports completed by Plaintiff and her husband, and opinions from examining and non-examining consultants. By way of summary, the ALJ determined that Plaintiff had the following severe impairments: fibromyalgia, hypertensive cardiovascular disease and depression (R. 16), and the record supports this uncontested finding. The ALJ determined that through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (R. 16-18). The ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform light work

---

[1] As Plaintiff notes, there is a significant amount of evidence after the date last insured. Plaintiff cites to and relies on "only evidence prior to that date and some shortly after that date." (Doc. 17, n. 1).

> except she could lift and carry ten pounds frequently and 20 pounds occasionally, and she could stand and walk for six hours in an eight-hour work day. She was limited to simple and routine tasks; she could occasionally climb, balance, stoop, kneel, crouch, crawl; and she could frequently reach in all directions. She could never climb ladders, ropes and scaffolds: she should avoid even moderate exposure to hazards; and she should avoid concentrated exposure to extreme heat, cold and humidity.

(R. 18-19). The ALJ determined that Plaintiff could not return to her past relevant work (R. 24), but, relying on testimony from a Vocational Expert ("VE"), the ALJ found that Plaintiff could perform other work in significant numbers in the national economy and was therefore not disabled (R. 24-25).

## Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## Issues and Analysis

Plaintiff raises three issues on review, challenging: 1) the formulation of the RFC, 2) the composition of the hypothetical question presented to the VE, and 3) the credibility finding. The Court addresses these issues in the context of the sequential evaluation applied by the ALJ.

*The five step assessment*

The ALJ must follow five steps in evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, he is not disabled. 29 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering residual functional capacity, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is disabled. 20 C.F.R. § 404.1520(f). The plaintiff bears the burden of persuasion through Step 4, while at Step 5 the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

*The formulation of the RFC*

Plaintiff contends that the formulation of the RFC is flawed, noting "the main issue with the determination of the residual functional capacity in this case is the ALJ's treatment of the state agency physician's opinion" (Brief, p. 10). The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments,

and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1178–79 (11th Cir. 2011) (citing 20 CRF §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987).)

Here, the ALJ considered and weighed the opinions of state agency psychologists Michelle Butler, Psy.D. and John Thibodeau, Ph.D., as follows:

> The State Agency psychologist, John Thibodeau, Ph.D. reviewed the psychiatric and mental health medical evidence of record on April 22, 2010 (Exhibits 10F, 18F and 19F). Dr. Thibodeau opined that the claimant had only mild limitations in her activities of daily living and maintaining social functioning; moderate limitations in concentration, persistence and pace; and no episodes of decompensation. He further opined that the claimant would be able to understand and remember simple and detailed instructions. Overall, the claimant was capable of completing simple tasks from a mental standpoint. She would have no trouble making work decisions or with maintaining attention for extended periods and only moderate problems with concentration. She would have no difficulty following detailed instructions. Though claimant had a date last insured of December 31, 2009, there was sufficient information from the medical evidence of record and her activities of daily living to suggest stated degree of impairment existed prior to her date last insured. The undersigned has assigned significant weight to the opinion of Dr. Thibodeau because of his specialty in clinical psychology and because his opinion is consistent with the objective medical evidence cited herein as credible and consistent, as well as with the records of the doctors who had the benefit of actually examining the claimant (20 CFR 404.1527 and SSR 96-6p).
>
> The State Agency psychologist, Michelle Butler, Psy.D. reviewed the psychiatric and mental health medical evidence of record on July 30, 2010 (Exhibits 25F and 26F). Dr. Butler opined that the claimant had no limitations in her activities of daily living; only mild limitations in maintaining social functioning; moderate limitations in concentration, persistence and pace; and no episodes of decompensation. Dr. Butler opined that the claimant could understand, retain and follow instructions. She could consistently and usefully perform routine tasks on a sustained basis with minimal (normal) supervision, and could cooperate effectively with the public and her co-workers in completing simple tasks and transactions. The claimant could adjust to the mental demands of most new task settings. The undersigned has assigned significant weight to the opinion of Dr. Butler because of her specialty in clinical psychology and because her opinion is consistent with the objective medical evidence cited herein as credible and consistent, as well as with the records of the doctors who had the benefit of actually examining the claimant (20 CFR 404.1527 and SSR 96-6p).

(R. 22).

Plaintiff contends that, although both psychologists found her to be "moderately limited" in the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods, the ALJ "makes no mention of this limitation" in the RFC formulation, which noted only that Plaintiff "was limited to simple and routine tasks." (R. 18). Plaintiff argues that, as "the ALJ used some of the limitations from the state agency physicians, but not all of them," the RFC is not based on substantial evidence.

To the extent Plaintiff implies that the ALJ must use an "all or nothing" approach in evaluating opinion evidence, she is mistaken. It is the task of the ALJ to consider the evidence, which is rarely unanimous and set forth a reasoned basis for her conclusions. "If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004). "We may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" 357 F.3d at 1240 n. 8 (internal quotation and citation omitted). Here, the ALJ did not purport to adopt the opinions of these psychologists *in toto*, nor was there any requirement that she do so.

The ALJ considered the opinions of these psychologists, as required, and, while some moderate concentration difficulties were noted, the ALJ credited the specific conclusion shared by both psychologists that Plaintiff was nevertheless "capable of completing simple tasks from a mental standpoint," and Plaintiff "could consistently and usefully perform routine tasks on a sustained basis with minimal (normal) supervision" (R. 22, 672, 809). In adopting the conclusion that Plaintiff "was limited to simple and routine tasks" (R. 18), the ALJ gave these opinions significant weight. The ALJ noted that both psychologists were specialists in clinical psychology and the opinions were consistent

with the objective medical evidence and records of examining doctors. *Id.* As this conclusion is supported by substantial evidence,[2] the Court finds no error.

Plaintiff next contends that certain evidence was "ignored" in that "the ALJ makes no mention of the fact that the claimant suffered a CVA . . . [and] suffers from L5 radiculopathy which could account for some of her back pain and numbness in her legs." (Brief, p. 11). Although Plaintiff claims a diagnosis of CVA and L5 radiculopathy as "fact," the record shows no evidence confirming either diagnosis. A July 2009 CT scan of Plaintiff's brain revealed a "questionable right lacunar CVA," while a more recent CT scan, dated May 2010, was unremarkable (R. 695, 740, 744). Similarly, nerve conduction studies in March 2009 included a remark in "a computer generated list of statements" that the physician "consider a moderate left L5 radiculopathy." (R. 754-755). The report explicitly indicated that the computer generated list was "not a diagnosis." (R. 754). Moreover, even if the questionable conditions were diagnosed, a diagnosis alone is not sufficient to establish functional limitations. *See Sellers v. Barnhart*, 246 F.Supp.2d 1201, 1211 (M.D. Ala. 2002) ("A diagnosis alone is an insufficient basis for finding that an impairment is severe.").

*The Hypothetical*

Plaintiff next contends that the ALJ erred in posing a hypothetical question to the VE which did not include all of the claimant's limitations. Specifically, Plaintiff argues that the hypothetical did not properly account for her moderate limitation in concentration, persistence or pace, which the ALJ noted at step two of the sequential evaluation (R. 18) but did not include in the RFC finding.

---

[2]As noted by the ALJ in her summary of the March 2010 consultative evaluation conducted by Dr. Marrero (R. 1009-1011): "The claimant reported that she had no hospitalizations, or mental health treatment with psychiatrists or psychologists. She was taking Klonopin and Effexor prescribed by her primary care physician. Dr. Marrero noted that the claimant's affect was sad and tearful, but her mood was good. The claimant was oriented times thee [sic]. The claimant's memory processes were normal and she was able to recall three out of three words after a five-minute recall interval. *The claimant's attention and concentration were normal.* Her judgment was normal and her insight was good. The claimant completed all of the mental control tasks. Dr. Marrero recommended psychiatric and psychological services. Dr. Marrero opined that the claimant's social functioning was not impaired and her functional ability was mildly impaired based on her psychological symptomatology." (R. 21-22-emphasis added). The ALJ gave "great weight" to this opinion.

"In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002). An ALJ, however, is "not required to include findings in the hypothetical that the ALJ [has] properly rejected as unsupported." *Crawford v. Commissioner of Social Security*, 363 F. 3d 1155, 1161 (11th Cir. 2004).

The Eleventh Circuit has held that an ALJ's hypothetical question must take into account the ALJ's step two finding that a claimant has moderate limitations in maintaining concentration, persistence, and pace, unless the ALJ indicates that the medical evidence suggests that the claimant's ability to work is unaffected by the limitation or the ALJ's question implicitly accounts for the limitation. *See Winschel, supra*, 631 F.3d at 1181. The Eleventh Circuit has more recently recognized that a hypothetical question could sufficiently account for a moderate limitation in concentration, persistence or pace by including a restriction to simple or routine tasks, if the medical evidence demonstrates that the claimant has the ability to perform those tasks despite concentration deficiencies. *See Jarrett v. Commissioner of Social Security*, 422 Fed. Appx. 869, 872 (11th Cir. 2011); *Washington v. Social Security Administration, Commissioner*, No. 12–13497, 2013 WL 150237 (11th Cir. Jan. 15, 2013) (unpub.); *Smith v. Commissioner of Social Security*, 486 Fed. Appx. 874, 876 (11th Cir. 2012); *Scott v. Commissioner of Social Security*, No. 11–15252, 2012 WL 5358868 (11th Cir. Oct. 31, 2012) (unpub.) (medical evidence demonstrated that the plaintiff could engage in simple, routine tasks or unskilled work despite moderate limitations in concentration, persistence, or pace).

Here, the medical evidence referenced by the ALJ demonstrates that, even with concentration difficulties, Plaintiff is capable of performing simple routine tasks. The ALJ gave great weight to Dr. Marrero's psychological evaluation in which Plaintiff demonstrated normal attention and concentration (R. 22, 1011). Moreover, as detailed above, Drs. Thibodeau and Butler both

-8-

acknowledged concentration difficulties, but concluded that Plaintiff could nonetheless perform simple tasks on a sustained basis. Therefore, the ALJ's inclusion of a limitation to simple and routine tasks in her hypothetical questions to the VE fully accounted for the limitations Plaintiff's mental impairments caused, and is consistent with *Winschel* (R. 18, 56).

*Credibility*

Plaintiff's last objection goes to the ALJ's evaluation of Plaintiff's allegations regarding her limitations. When a claimant attempts to establish disability through subjective symptoms, the Eleventh Circuit follows a three-part test that requires: "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged [symptom] arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged [symptom]." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). If the objective medical evidence does not confirm the severity of the claimant's alleged symptoms but the claimant establishes that she has an impairment that could reasonably be expected to produce her alleged symptoms, the ALJ must evaluate the intensity and persistence of the claimant's alleged symptoms and their effect on the claimant's ability to work. *See* 20 C.F.R. §§ 404.1529(c), (d), 416.929(c), (d); *Mack v. Commissioner of Social Security,* 420 Fed.Appx. 881, 883 (11th Cir. 2011). After considering a claimant's subjective complaints, the ALJ may reject them as not credible. Where an ALJ decides not to credit a claimant's testimony about pain or limitations, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. *Jones v. Department of Health and Human Services*, 941 F.2d 1529, 1532 (11th Cir. 1991) (articulated reasons must be based on substantial evidence). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. *Foote,* 67 F.3d at 1562.

Applied here, the ALJ determined that Plaintiff's allegations regarding her symptoms and limitations were only "partially credible," and were "not credible to the extent they are inconsistent with the [RFC]" (R. 20). The ALJ gave several reasons for this conclusion, noting "relatively frequent trips to various doctors for the allegedly disabling physical symptoms, but there were no functional limitations noted by any of her healthcare providers (R. 20);" "the claimant sought no treatment from a mental health professional for her depression during 2009 (R. 20);" despite allegations of an inability to perform any work activity, Plaintiff "was able to perform household chores, including cooking and cleaning" and went on a vacation to Las Vegas (R. 23); "the record does not contain any opinions from treating or examining physicians indicating that the claimant was disabled or even had limitations greater than those determined in this decision" (R. 23); the claimant "failed to follow-up on recommendations made by specialists" which "suggests that the symptoms might not have been as serious as she alleged" (R. 23); and Plaintiff stopped working "due to a business-related layoff rather than because of the allegedly disabling impairments" and "there is no evidence of a significant deterioration in [her] medical condition since that layoff"(R. 23). Thus, the ALJ clearly articulated her credibility finding and, as detailed in the specific evidence cited by the ALJ, her conclusions are supported by substantial evidence.[3] As such, the Court finds that the ALJ did not err in evaluating Plaintiff's credibility.

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.

---

[3] Plaintiff contends that the ALJ erred in including her ability to do housework and take a vacation as "it is well founded that participation in everyday activities of short duration, such as housework or fishing, does not disqualify a claimant from disability." *Lewis v. Callahan*, 125 F.3d 1436, 1441 (11th Cir. 1997). The objection is misguided. While it is true that housework, light cooking and light grocery shopping are minimal daily activities and "are not dispositive evidence of one's ability to perform sedentary work in a Social Security case," *Vennette v. Apfel*, 14 F.Supp.2d 1307, 1314 (S.D. Fla. 1998), these activities were not cited as evidence of Plaintiff's ability to perform work. Rather, the ALJ properly cited the activities of daily living as evidence regarding her credibility. *See* 20 C.F.R. §§ 404.1529(c)(3)(i) (2012); *Kalishek v. Commissioner of Social Security*, 470 Fed.Appx. 868, 871 (11th Cir. 2012) ("An ALJ is allowed to consider a claimant's daily activities when determining whether a claimant's testimony regarding symptoms such as pain is not credible, as well as whether medication helped the claimant's condition.").

42 U.S.C. § § 416(I), 423(d)(1); 20 C.F.R. § 404.1505.  The impairment must be severe, making the claimant unable to do his or her previous work, or any other substantial gainful activity which exists in the national economy.  42 U.S.C. § 423(d)(2); 20 C.F.R. § § 404.1505-404.1511.  The only issue before the Court is whether the decision by the Commissioner that Plaintiff did not meet this standard is adequately supported by the evidence and was made in accordance with proper legal standards.  As the Court finds that to be the case, it must affirm the decision.

## Conclusion

The administrative decision was made in accordance with proper legal standards and is supported by substantial evidence.  It is therefore **AFFIRMED.**  The Clerk is directed to enter judgment accordingly and close the file.

**DONE** and **ORDERED** in Orlando, Florida on May 24, 2013.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record